UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Penny Benser,<br><br>Plaintiff,<br><br>vs.<br><br>UnitedHealthCare Insurance Company,<br><br>Defendant. | Case No. 24-cv-3917<br><br>**COMPLAINT** |

Plaintiff, for his/her Complaint against Defendant, states and alleges:

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1) and (f) of the Employee Retirement Income Security Act of 1974 ("ERISA") over this claim for disability benefits under a plan governed by ERISA, 29 U.S.C. § 1001 et seq.

2. Venue is proper in this district pursuant to 29 U.S.C. § 1132 (e)(2)[1], because Defendant Insurer may be found in this district. In particular,

---

[1] 29 U.S.C. § 1132 (e)(2) states "Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district … where a defendant resides or may be found…"

UnitedHealthCare Insurance Company is registered as a corporation with the State of Minnesota, conducts ongoing business with Minnesota residents, employs Minnesota residents, has extensive contacts within Minnesota, and accordingly is found within Minnesota.

3.  On information and belief, Defendant UnitedHealthCare Insurance Company is the employee benefit plan ("Plan") that Servion, Inc. created and maintains to provide its employees with income protection should they become disabled.

4.  On information and belief, Defendant UnitedHealthCare Insurance Company is a corporation organized and existing under the laws of the State of Connecticut and is the insurer and claims administrator for the Plan.

5.  Plaintiff is a resident and citizen of the United States, an employee of Servion, Inc. and a participant in the Plan.

6.  As set forth in 29 U.S.C. § 1133 of the ERISA statute, the Plan provides a mechanism for administrative appeals of benefit denials. Plaintiff has exhausted all such appeals.

7.  On information and belief, Plaintiff was covered at all relevant times under group disability policy number 307286 which was issued by UnitedHealthCare Insurance Company to Servion, inc. to insure the participants of the Plan.

8. On information and belief, UnitedHealthCare Insurance Company both funds the Plan and decides whether participants will receive benefits under the Plan. Accordingly, UnitedHealthCare Insurance Company has a conflict of interest, which must be considered when determining whether its denial of Plaintiff's benefits was proper.[2]

9. UnitedHealthCare Insurance Company's interest in protecting its own assets influenced its decision to deny Plaintiff's application for disability benefits.

10. The Plan is an ERISA welfare benefit plan.

11. Under the Plan, a participant who meets the definition of "disabled" is entitled to disability benefits paid out of the Plan assets.

12. Plaintiff became disabled under the terms of the Plan's policy on or about January 28, 2021, and continues to be disabled as defined by the Plan. Accordingly, Plaintiff is entitled to benefits under the terms of the Plan.

13. Plaintiff submitted a timely claim to UnitedHealthCare Insurance Company for disability benefits.

---

[2] "[A]n entity that is both the claims administrator and payor of benefits has a conflict of interest." *Jones v. Mountaire Corp. Long Term Disability Plan*, 542 F. 3d 234, 240 (8th Cir. 2008). Moreover, as the Supreme Court has held, "that conflict **must be weighed as a factor** in determining whether there is an abuse of discretion." *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2348 (2008) (emphasis added).

14. UnitedHealthCare Insurance Company denied Plaintiff's claim for disability benefits. Plaintiff appealed that decision and UnitedHealthCare Insurance Company overturned its initial denial and paid benefits under a 24-month Mental Health Limitiation. Once the 24-month period had run, UnitedHealthCare Insurance Company issued a second denial. Plaintiff appealed that denial on June 18, 2024.  UnitedHealthCare Insurance Company denied Plaintiff's appeal by a letter dated September 17, 2024.

15. In hear appeals, Plaintiff provided UnitedHealthCare Insurance Company with substantial medical evidence demonstrating she was eligible for disability benefits.

16. UnitedHealthCare Insurance Company's decision to deny disability benefits was arbitrary, capricious, unreasonable, irrational, wrongful, contrary to the terms of the Plan, contrary to the evidence and contrary to law, as demonstrated by the following non-exhaustive examples:

   a. UnitedHealthCare Insurance Company failed to have Plaintiff independently examined, and instead relied on the opinion of a medical professional who merely reviewed Plaintiff's medical records and rejected the opinion of Plaintiff's treating physician;

   b. UnitedHealthCare Insurance Company relied on the opinion of a medical professional who was financially biased by their relationship

with UnitedHealthCare Insurance Company and as such unable to offer an unbiased opinion;

c. UnitedHealthCare Insurance Company relied on the opinion of a medical professional that was not supported by substantial evidence in the claim file, and was inconsistent with the overall evidence in the record;

d. UnitedHealthCare Insurance Company relied on the opinion of a medical professional who was not qualified to refute the findings of Plaintiff's physician;

e. UnitedHealthCare Insurance Company ignored obvious medical evidence and took selective evidence out of context as a means to deny Plaintiff's claim;

f. UnitedHealthCare Insurance Company ignored the opinions of Plaintiff's treating physicians.

17. UnitedHealthCare Insurance Company abused its discretion in denying Plaintiff's claim.

18. The decision to deny benefits was wrong under the terms of the Plan.

19. The decision to deny benefits was not supported by substantial evidence in the record.

20. UnitedHealthCare Insurance Company's failure to provide benefits due under the Plan constitutes a breach of the Plan.

21. UnitedHealthCare Insurance Company's failure to provide Plaintiff with disability benefits has caused Plaintiff to be deprived of those benefits from November 28, 2023 to the present. Plaintiff will continue to be deprived of those benefits, and accordingly will continue to suffer future damages in an amount to be determined.

22. UnitedHealthCare Insurance Company's denial of benefits under the Plan has caused Plaintiff to incur attorneys' fees and costs to pursue this action. Pursuant to 29 U.S.C. § 1132(g)(1), Defendants should pay these costs and fees.

23. A dispute now exists between the parties over whether Plaintiff meets the definition of "disabled" under the terms of the Plan. Plaintiff requests that the Court declare he fulfills the Plan's definition of "disabled," and is accordingly entitled to all benefits available under the Plan. Plaintiff further requests reimbursement of all expenses and premiums she paid for benefits under the Plan from the time of denial of benefits to the present. In the alternative of the aforementioned relief, Plaintiff requests that the Court remand and instruct UnitedHealthCare Insurance Company to adjudicate Plaintiff's claim in a manner consistent with the terms of the Plan.

WHEREFORE, Plaintiff respectfully requests the following relief against Defendant:

1. A finding in favor of Plaintiff against Defendant;

2. Pursuant to 29 U.S.C. § 1132(a)(1)(B), damages in the amount equal to the disability income benefits to which Plaintiff is entitled through the date of judgment;

3. Prejudgment and postjudgment interest, calculated from each payment's original due date through the date of actual payment;

4. Any Plan benefits beyond disability benefits that Plaintiff is entitled to while receiving disability benefits;

5. Reimbursement of all expenses and premiums Plaintiff paid for benefits under the Plan from the time of denial of benefits to the present.

6. A declaration that Plaintiff is entitled to ongoing benefits under the Plan so as long as Plaintiff remains disabled under the terms of the Plan;

7. Reasonable costs and attorneys' fees incurred in this action;

8. Any other legal or equitable relief the Court deems appropriate.

Dated: 10/15/2024                                RESPECTFULLY SUBMITTED

By: s/ michael kemmitt
Michael Kemmitt (MN Bar # 0398423)
Evan Sanford (MN Bar # 0398522)
Patrick Kramer (MN Bar # 0396875)
**KEMMITT, SANFORD, & KRAMER**
331 2nd Ave S., #500C
Minneapolis, MN 55401
Office: (612) 230-4585
michael@ksk.law
evan@ksk.law
patrick@ksk.law

*Attorneys for Plaintiff*